MARCIAL SUÁREZ SUÁREZ, Appellant, v. REGISTRAR OF PROPERTY OF SAN JUAN, SECOND SECTION, Respondent.

No. 975. Submitted July 1, 1936.—Decided August 1, 1936.

*Juan Enrique Géigel* and *Guillermo Silva* for appellant. The registrar did not appear.

Mr. Justice Travieso delivered the opinion of the Court.

In June 1936, Marcial Suárez asked the Registrar of Property of San Juan to cancel a lien created by a judgment of January 24, 1930, which was recorded in the Registry on March 14, 1931. The registrar of property denied this petition upon the ground that the period of five years provides by an act approved on March 8, 1906, had been interrupted by an annotation dated February 28, 1935, with respect to a liquidation made by the parties in which there was fixed the principal, interest, costs, disbursements and attorney's fees owing, which appears from the certificate issued on that date by the clerk of the District of San Juan in case no. 10,126.

Section 1 of an act approved on October 29, 1923 (Laws of 1923, Special Session, page 36) reads in part as follows:

"Section 1.—On written application of a party or of the representative of such party, authenticated before a notary, the Registrars of Property shall proceed to cancel in the respective register:
" *      *      *      *      *      *      *

"(d) Judgment liens recorded in the registry for over five (5) years, provided this term is not extended by order of a competent court, but in no case shall such extension be for a term longer than five (5) years."

The section of an act entitled "An act to provide the manner of creating judgment liens on immovable property, and to repeal all laws in conflict therewith," approved on March 8, 1906, upon which the registrar relies, and which appears on page 93 of the Code of Civil Procedure (Ed. 1933) provides merely that:

"When the lien has been acquired, as herein provided for, it shall continue for a period of five years from the date of such entry upon the register." (Sec. 8, Comp. 5225.)

A certified copy of the liquidation mentioned by the registrar reads as follows:

"LIQUIDATION OF JUDGMENT—To the Honorable Court: The parties in the above-entitled cause, by their respective attorneys, and in accordance with the judgment rendered herein on January 24, 1930, mutually agree to liquidate the full amount of such judgment in the following form:

| | |
|---|---:|
| "Principal | $3,000.00 |
| "Interest accrued since July 27, 1928 to July 27, 1929 at 1% monthly | 360.00 |
| "Interest from July 27, 1929 to date | 330.00 |
| "Costs in clerk's office | 10.00 |
| "Costs in marshal's office, including summons, mileage and attachment | 30.00 |
| "Plaintiff's attorney's fee | 200.00 |
| | $3,930.00 |

"Such is the liquidation which we have mutually made and agreed upon, of the judgment herein in accordance with the terms thereof, such liquidation being filed in the record in this cause.

"San Juan, P. R., June 27, 1930.

"(Sd.) Luis Janer,
"Attorney for the appellant.
"(Sd.) Cay. Coll Cuchí,
"Attorney for the defendants."

A copy of this document certified by the clerk of the district court on February 28, 1935, was presented to the registrar on the same date by the representative of the

appellant. The registrar made the proper entry in the registry and at the foot of the document put a note which reads: "Annotation made of the liquidation and approval of the amount of the *judgment referred to in the foregoing document*, etc."

Suárez' representative states that he presented to the registrar, on February 28, 1935, the certificate as to the liquidation of the judgment issued on that same date by the clerk of the district court, so that the registrar might cancel the entry of the judgment.

We cannot understand the reasons which the person presenting the so-called "liquidation of judgment" might have had to believe that the registrar would cancel the entry of the judgment solely upon such document. There is no showing whatever in such document that the judgment had been satisfied; and the registrar could not cancel the entry unless satisfactory proof were furnished him that the judgment had been paid or that the creditor had consented to the cancellation.

Similarly the registrar could not on February 8, 1935, have cancelled the entry of the judgment, at the request of the debtor, under the provisions of the statutes above referred to, for the reason that on that date the five years from the date upon which the lien was constituted in the registry had not elapsed.

It might have been that the liquidation of judgment was presented for the purpose stated by the representative of Suárez, but the fact is that the registrar thought that the purpose for which it was presented was to revive the lien, by stipulations between the parties, and he so made it appear in the registry, thus creating a new right in favor of the judgment creditor.

It is true that Subdivision (*d*) of Section 1 of the act of October 29, 1923, *supra,* provides that the registrar shall proceed to cancel a judgment lien when it has been recorded in the registry for over five years, *provided this term is not*

*extended by order of a competent court.* We do not believe, however, that such remedy is exclusive. Furthermore, we see no objection whatever to a lawful extension of the life of a judgment lien by a stipulation to that effect between the debtor and the creditor.

If the judgment was in fact satisfied by virtue of the liquidation made on June 27, 1930, it ought to be easy for the appellant to corroborate that fact by proof of the payment so made.

Mrs. Ramona Muñoz Vda. de Alonso, in favor of whom the judgment sought to be cancelled was entered, has not been notified or heard in this proceeding. We do not consider her a necessary party as the only showing in the registry was the entry of the judgment made on March 14, 1931, but the state of the registry prevents us from authorizing the cancellation unless she is heard.

In view of the state of the registry and since the party to be prejudiced by the cancellation prayed for his not been heard, we are bound to affirm the denial of the registrar.

Mr. Justice Hutchison dissented.

Mr. Justice Córdova Dávila took no part in the decision of this case.